An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

NITZ WALTON & HEATON, LTD.,
Petitioner,
vs.
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
CLARK; AND THE HONORABLE
GLORIA STURMAN, DISTRICT
JUDGE,
Respondents,
and
TOWER HOMES, LLC,
Real Party in Interest.

No. 62252

**FILED**

JUN 14 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

*ORDER DENYING PETITION FOR
WRIT OF MANDAMUS OR PROHIBITION*

This original petition for a writ of mandamus, or alternatively, prohibition, challenges a district court order denying a motion to dismiss in a legal malpractice action.

A writ of mandamus is available to compel the performance of an act that the law requires or to control an arbitrary or capricious exercise of discretion. NRS 34.160; *Int'l Game Tech., Inc. v. Second Judicial Dist. Court*, 124 Nev. 193, 197, 179 P.3d 556, 558 (2008). A writ of prohibition may be warranted when the district court exceeds its jurisdiction. NRS 34.320. Either writ is an extraordinary remedy, and whether such a writ will be considered is within our sole discretion. *Smith v. Eighth Judicial Dist. Court*, 107 Nev. 674, 677, 818 P.2d 849, 851 (1991). Moreover, it is petitioner's burden to demonstrate that our extraordinary intervention is warranted. *Pan v. Eighth Judicial Dist. Court*, 120 Nev. 222, 228, 88 P.3d 840, 844 (2004).

SUPREME COURT
OF
NEVADA

(O) 1947A

13-17578

Having considered the petition, answer, reply, and appendices, we conclude that petitioner has not demonstrated that our intervention by way of extraordinary relief is warranted. *Id.*; *Smith*, 107 Nev. at 677, 818 P.2d at 851. Accordingly, we

ORDER the petition DENIED.

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Cherry

cc: Hon. Gloria Sturman, District Judge
Lewis Brisbois Bisgaard & Smith, LLP/Las Vegas
Prince & Keating, LLP
Eighth District Court Clerk